**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CINDY MCCAULEY,
As Next Friend of NATHAN WASSON,

      Plaintiff,

v.                                                    Civ. No. 16-1046 MV/GBW

SIERRA COUNTY BOARD
OF COUNTY COMMISSIONERS, *et al.*,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL**

      This matter is before the Court pursuant to Plaintiff's Motion to Compel (*doc. 62*).

The Court held a hearing held on the motion on July 7, 2017.  *Doc. 82.*  Having

considered the motion and arguments presented, the Court will GRANT IN PART

AND DENY IN PART the motion.

    **I.**    **BACKGROUND**

      In her Second Amended Complaint, Plaintiff Cindy McCauley brings claims

against Defendants Sierra County Board of County Commissioners, Curtis Cherry,

Vergil Eaton, Thomas Schalkofski, and John/Jane Doe on behalf of her son Nathan

Wasson, an individual with mental disabilities without the capacity to bring suit.  *See*

*doc. 43* at 1-3.  Plaintiff is suing Defendants for alleged (1) violation of substantive due

1

process, (2) violation of procedural due process, and (3) maintaining a custom and policy of violating constitutional rights. *See id*. at 8-18.

Plaintiff alleges that Defendants failed to provide Mr. Wasson with adequate mental health care or humane conditions during his confinement at the Sierra County Detention Facility (SCDF). *Id.* at 8-11. Plaintiff alleges that Mr. Wasson was provided no medical or mental health services during his incarceration, and that he began to physically and mentally deteriorate as a result. *Id.* at 8-9. Plaintiff alleges that Defendants Eaton, Schalkofski, Hamilton, and Cherry recognized Mr. Wasson's mental illness and inability to keep his cell sanitary, yet they refused to clean his cell and allowed the unsanitary conditions to continue. *Id.* at 8-11.

Pertinent to the resolution of the present motion, Plaintiff also alleges that certain former detention officers abused medications that were prescribed to inmates and engaged in sexual misconduct with inmates. *Id.* at 13-16. Specifically, Plaintiff alleges that Defendant Eaton was one of the detention officers charged with criminal sexual contact and criminal sexual penetration of inmates in his custody. *Id.* at 16. As part of the basis of her municipal liability claim, Plaintiff asserts that this misconduct was known yet allowed to continue by final policymaker Defendant Cherry, such that it amounted to a policy or custom that was the moving force behind the constitutional violations alleged by Plaintiff. *See id.* at 12-18.

## II.   LEGAL STANDARD

### a.  General Discovery Rules

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*

Under Federal Rule of Civil Procedure 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample" certain items which are "in the responding party's possession, custody, or control."  FED. R. CIV. P. 34(a).  This rule "enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party, if such party has retained any right or ability to influence the person in whose possession the documents lie."  *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007) (internal quotations and citation omitted).  Therefore, "[p]arties responding to requests propounded pursuant to [Rule 34] have a duty to produce all responsive documents in their possession, custody[,] or control[,]" and a party who fails to state whether a particular responsive document is in its possession, custody[,] or control may be required to "affirmatively state so in a supplemental response."  *Starlight International, Inc. v. Herlihy*, 186 F.R.D. 626, 643 (D. Kan. 1999); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996).

Under Federal Rule of Civil Procedure 37(a), a party is permitted to file a motion to compel responses to properly propounded discovery. *See* FED. R. CIV. P. 37(a). A court may limit discovery if a request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

### b. Fifth Amendment Privilege

The Fifth Amendment to the United States Constitution states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. The Fifth Amendment privilege against self-incrimination "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). "The privilege afforded not only extends to answers that would in themselves support a conviction[,] but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute." *Malloy v. Hogan*, 378 U.S. 1, 11 (1964) (quotation omitted). Further, the Fifth Amendment "privileges [a defendant] not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate

him in future criminal proceedings." *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984).

Finally, the

> [e]xercise of the privilege against self-incrimination [] does not depend upon a judge's prediction of the likelihood of prosecution. *Resnover v. Pearson*, 965 F.2d 1453, 1462 (7th Cir. 1992). "[C]ourts should not engage in raw speculation as to whether the government will actually prosecute." *United States v. Sharp*, 920 F.2d 1167, 1171 (4th Cir. 1990). That prosecution is possible is enough absent clear evidence of an absolute bar to prosecution. *Id*. "[I]t is only when there is but a fanciful possibility of prosecution that a claim of Fifth Amendment privilege is not well taken." *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871 (7th Cir.1979).

*United States v. Nipper*, 210 F. Supp. 2d 1259, 1261 (N.D. Okla. 2002).

## III. ANALYSIS

Plaintiff moves the Court to compel Defendant Eaton to provide amended responses to several interrogatories and requests for admission. *Doc. 62*. The Court will analyze the requests in turn.

### (i) Interrogatory 7

Plaintiff's Interrogatory 7 provides:

> How many inmates did you have sexual contact with in SCDF? In your Answer, please list the names of each inmate which you had sexual contact with.

*Doc. 62*-3 at 2. Defendant Eaton provided the following objections to Interrogatory 7: (1) Fifth Amendment privilege against self-incrimination; (2) relevance; (3) argumentative and improperly assumes facts; (4) purpose is to annoy, embarrass, and harass; and (5)

unlikely to lead to admissible evidence. *Id.* at 2-3. Notwithstanding those objections,

Defendant Eaton provided the following response:

> In September 2016, I pleaded guilty to Criminal Sexual
> Penetration in the Second Degree (Position of Authority
> Over Inmate) without admitting to the criminal act,
> pursuant to *North Carolina v. Alford*. The victims were Bree
> Oldfield and Tammy Montgomery. For specific case
> information, *see* my answer to Interrogatory 2.
>
> However, with regard to any other inmate, I invoke the Fifth
> Amendment to the United States Constitution and decline to
> answer this Interrogatory on that basis, in addition to any
> other objections made by counsel.

*Id.* at 3.

The Court overrules all objections with the exception of the assertion of Fifth

Amendment privilege. The Court finds that the information requested is relevant

because Defendant Eaton served as the direct supervisor of the guards who were

overseeing Mr. Wasson. *See doc. 82* at 1-2. Evidence suggesting that Defendant Eaton

was focused on satisfying his sexual conquests while on the job supports Plaintiff's

allegation that Defendant Eaton neglected his duties and allowed mistreatment of Mr.

Wasson to occur. Although the information requested only indirectly supports this

allegation, the information is not burdensome for Defendant Eaton to provide and thus

is proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). However, any

misconduct by Defendant Eaton which occurred more than one year prior to Mr.

Wasson's detention at SCDF is not relevant, as Plaintiff must show deliberate

indifference on the part of Defendants during the time of Mr. Wasson's incarceration in order to prevail on her constitutional claims. Therefore, Interrogatory 7 shall be limited to the time period beginning one year prior to Mr. Wasson's incarceration at SCDF and ending on the date of his release from SCDF.

Although Interrogatory 7, as limited above, satisfies the rules of discovery, Defendant Eaton has invoked his privilege under the Fifth Amendment. As discussed above, the Fifth Amendment privilege against self-incrimination protects Defendant Eaton from responding to interrogatories that request information "which would furnish a link in the chain of evidence needed to prosecute" him for potential criminal conduct. *Malloy*, 378 U.S. at 11. Here, evidence that Defendant Eaton engaged in sexual conduct with inmates would support a potential prosecution against him for the crime of Criminal Sexual Penetration under N.M. Stat. § 30-9-11(E)(2).[1] Therefore, Defendant Eaton shall not be compelled to answer this interrogatory as to all inmates.

However, Defendant Eaton cannot assert his privilege under the Fifth Amendment as to crimes of which he has already been charged and convicted. Defendant Eaton has been charged with Criminal Sexual Penetration as to victims Bree Oldfield and Tammy Montgomery, and he pled guilty to both charges under *North Carolina v. Alford*. *Doc. 62-3* at 11. "An *Alford*-type plea is a guilty plea in all material

---

[1] Under N.M. Stat. § 30-1-8, a six-year statute of limitations applies to this crime. As Mr. Wasson began his detention at SCDF in October 2012, the statute of limitations has not yet run as to any acts constituting Criminal Sexual Penetration which occurred during Mr. Wasson's incarceration.

respects[.]" *United States v. McMurray*, 653 F.3d 367, 385 (6th Cir. 2011). Such a plea has

all the same preclusive effects as a guilty plea. *See Wirsching v. Colorado*, 360 F.3d 1191,

1204-05 (10th Cir. 2004). Therefore, the double jeopardy clause would protect him from

further prosecutions based on the conduct involving those victims as charged. *See* U.S.

Const. amend. V; *see also North Carolina v. Pearce*, 395 U.S. 711 (1969). As Plaintiff cannot

be convicted of these acts a second time, he cannot "reasonably believe[]" that

information regarding his sexual conduct with these two victims could be used in a

criminal prosecution against him. *Kastigar*, 406 U.S. at 445.

    In his response to the interrogatory, Defendant Eaton stated that he pled guilty to

each crime under *Alford* "without admitting to the criminal act." *Doc. 62-3* at 3.

However, this is not responsive to the interrogatory, as Defendant Eaton neither

confirmed nor denied having sexual contact with either inmate. Therefore, Defendant

Eaton shall provide an amended response as to inmates Bree Oldfield and Tammy

Montgomery. As to all other inmates, Defendant Eaton shall either fully respond to

Interrogatory 7 or clearly invoke his privilege under the Fifth Amendment.

           **(ii)**        **<u>Interrogatory 8</u>**

    Plaintiff's Interrogatory 8 provides:

> Please list all the employees of SCDF who knew of your
> sexual contact with inmates at SCDF.

*Doc. 62-3* at 3. Defendant Eaton provided the following objections to Interrogatory 8: (1)

Fifth Amendment privilege against self-incrimination; (2) relevance; (3) argumentative

and improperly assumes facts; (4) purpose is to annoy, embarrass, and harass; (5)

information not within Defendant Eaton's personal knowledge; and 6) unlikely to lead

to admissible evidence. *Id.* at 3-4.

The Court overrules Defendant Eaton's discovery objections, as the information

is relevant and the request is proportional to the needs of the case. However, the Court

finds that Defendant Eaton is protected from responding to the interrogatory in its

entirety, as the information is subject to the Fifth Amendment privilege. It is not

difficult to conclude that requiring Defendant Eaton to identify witnesses to such

criminal sexual contact would "furnish a link in the chain of evidence needed to

prosecute" him for further crimes. *Malloy*, 406 U.S. at 11. Therefore, Defendant Eaton

shall not be compelled to answer this interrogatory.[2]

**(iii)** <u>**Interrogatories 9 & 10**</u>

Plaintiff's Interrogatory 9 provides:

> Please describe your history of drug use. Include in your
> answer any time which you required treatment for substance
> abuse, when you received treatment, and where you went
> for such treatment.

*Doc. 62-3* at 4. Defendant Eaton provided the following objections to Interrogatory 9: (1)

relevance; (2) argumentative and improperly assumes facts; (3) purpose is to annoy,

---

[2] Plaintiff may obtain known witnesses to the crimes of which Defendant Eaton was convicted by
obtaining the relevant criminal investigation files, rather than through interrogatories.

embarrass, and harass; (4) vague and overbroad; and (5) unlikely to lead to admissible evidence. *Id.*

Plaintiff's Interrogatory 10 provides:

> Please list all the employees of SCDF who knew you were using drugs while employed at SCDF.

*Doc. 62-3* at 5. Defendant Eaton provided the following objections to Interrogatory 10: (1) relevance; (2) argumentative and improperly assumes facts; (3) purpose is to annoy, embarrass, and harass; (4) information not within personal knowledge; (5) unlikely to lead to admissible evidence; and (6) not limited in time and scope.[3] *Id.*

The Court will compel Defendant Eaton to respond to Interrogatories 9 and 10, except that Defendant Eaton shall not be required to respond as to his personal, lawful use of prescription or non-prescription drugs. Defendant Eaton shall respond to these interrogatories, however, as to all illegal drug use as well as improper prescription drug use (e.g., use by someone to whom the drug is not prescribed). Further, Interrogatories 9 and 10 shall be limited to the time period beginning one year prior to Mr. Wasson's incarceration at SCDF and ending on the date of his release from SCDF.

**(iv)**     **Interrogatories 13, 15, and 16**

Plaintiff's Interrogatory 13 provides:

> Please describe your opinion of the conditions of confinement Nathan Wasson was subjected to at SCDF.

---

[3] Defendant Eaton failed to invoke his Fifth Amendment privilege as to Interrogatories 9 and 10. Therefore, the Court will not address whether the privilege is applicable here.

*Doc. 62-4* at 1.  Defendant Eaton provided the following objections to Interrogatory 13:

(1) seeks lay opinions not within common knowledge; (2) seeks legal conclusions and

opinions; (3) unlikely to lead to admissible evidence; and (4) vague.  *Id.*

Notwithstanding those objections, Defendant Eaton provided the following response:

> I am not a medical expert, but to my knowledge, Nathan
> Wasson was treated similarly to other inmates in the North
> Wing of the Sierra County Detention Facility.  To my
> knowledge, Nathan Wasson received the care he was
> entitled to, and he did not receive any more or any less
> favorable treatment than other inmates.

*Id.*

Plaintiff's Interrogatory 15 provides:

> Did you notice if Nathan Wasson's mental or physical health
> needed attention during his stay at SCDF in 2012, 2013, and
> 2014?  Please explain how and why.

*Doc. 62-4* at 2.  Defendant Eaton provided the following objections to Interrogatory 15:

(1) seeks lay opinions not within common knowledge; (2) seeks legal conclusions and

opinions; and (3) vague.  *Id.*  Notwithstanding those objections, Defendant Eaton

provided the following response:

> I am not a medical expert, but to my knowledge, I did not
> notice any medical emergencies or other obvious conditions
> with regard to Nathan Wasson.  I do not recall Nathan
> Wasson's condition deteriorating, at least from my
> perspective as a Detention Sergeant.  I do know that mental
> health services were provided to inmates, but I believe that
> you would need to consult with medical or mental health

providers regarding Nathan Wasson's physical or mental
condition, except as I already stated above.

*Id.* at 3.

Plaintiff's Interrogatory 16 provides:

In your opinion, did Nathan Wasson's mental or physical
health deteriorate during his stay?  Please explain how and
why.

*Doc. 62-4* at 3.  Defendant Eaton provided the following objections to Interrogatory 16:

(1) seeks lay opinions not within common knowledge; (2) seeks legal conclusions and

opinions; (3) unlikely to lead to admissible evidence; and (4) vague.  *Id.*

Notwithstanding those objections, Defendant Eaton provided a response that is

identical to his response to Plaintiff's Interrogatory 15, as quoted above.

The Court overrules Defendant Eaton's objections, as the information requested

in Interrogatories 13, 15, and 16 is relevant and the requests are proportional to the

needs of the case.  However, the Court will not compel Defendant Eaton to amend or

supplement his responses, as the responses already provided are fully responsive to

Interrogatories 13, 15 and 16.  Nonetheless, Defendant Eaton shall reaffirm that his

previous answers remain his answers now that his objections have been overruled.

(v)      **Interrogatory 17**

Plaintiff's Interrogatory 17 provides:

Please describe each time you have been interviewed by law
enforcement in relation to your activities in SCDF.  Please
include the nature of the conversation, what you believed

the investigation was about, and the approximate date and location it took place. Include the names of the people who took part in the conversation, and the agencies involved. (You may restrict your answer to occasions where you were the possible target of the investigation.)

*Doc. 62-3* at 6. Defendant Eaton provided the following objections to Interrogatory 17:

(1) relevance; (2) argumentative and improperly assumes facts; and (3) purpose is to

annoy, embarrass, and harass. *Id.* Notwithstanding those objections, Defendant Eaton

provided the following response:

> I was interviewed in approximately February 2014, in conjunction with the raid on the facility and removal of the Warden. I believe Sheriff's Deputies Joshua Baker and RD Hayes were present. The interview took place in the Detention Center conference room. I am not sure whether or not I was the target of the investigation.
>
> I was interviewed on approximately June 23, 2014 by T or C Police Detectives James Harrington and George Lee, due to the criminal investigations made against me with regard to the cases to which I pleaded guilty pursuant to *North Carolina v. Alford*, as already stated. The interview took place at the T or C Police Department.

*Id.*

The Court overrules Defendant Eaton's objections, except that Interrogatory 17 shall be limited to the time period beginning one year prior to Mr. Wasson's incarceration at SCDF and ending on the date of his release from SCDF. To the extent

that the response already provided is fully responsive to Interrogatory 17, Defendant

Eaton should affirmatively state so in his supplemental discovery responses.

(vi)     **Interrogatory 18**

Plaintiff's Interrogatory 18 provides:

> Please describe on each occasion you had possession of
> illegal drugs or prescription medications in SCDF.  This
> question does not seek information about you dispensing
> medications to inmates in a lawful manner.

*Doc. 62-3* at 6-7.  Defendant Eaton provided the following objections to Interrogatory 18:

(1) relevance; (2) argumentative and improperly assumes facts; (3) purpose is to annoy,

embarrass, and harass; (4) information not within personal knowledge; (5) unlikely to

lead to admissible evidence; (6) vague and overbroad; and (7) not limited in time and

scope.[4]  *Id.* at 7.

The Court overrules Defendant Eaton's objections, except that Interrogatory 18

shall be modified to state as follows:

> Please describe each occasion on which you had possession
> of illegal drugs or prescription medications in SCDF *if such
> possession violated the regulations of SCDF*.  This question
> does not seek information about you dispensing medications
> to inmates in a lawful manner.

---

[4] Defendant Eaton failed to invoke his Fifth Amendment privilege as to Interrogatory 18.  Therefore, the
Court will not address whether the privilege is applicable here.

### (vii)  Interrogatory 19

Plaintiff's Interrogatory 19 provides:

> Please indicate each time you have destroyed, fabricated or
> altered medical records or jail paperwork.  Please include all
> occasions where you have been accused, suspected or
> alleged to have engaged in such conduct.

*Doc. 62-5* at 1.  Defendant Eaton provided the following objections to Interrogatory 17:

(1) Fifth Amendment privilege against self-incrimination; (2) relevance; (3)

argumentative and improperly assumes facts; (4) purpose is to annoy, embarrass, and

harass; (5) information not within personal knowledge; (6) unlikely to lead to

admissible evidence; and (7) vague and overbroad.  *Id.* at 1-2.

The Court overrules all objections with the exception of the assertion of Fifth

Amendment privilege.  The Court finds that the information is relevant[5] and that the

burden of producing such information is proportional to its importance.  However,

evidence that Defendant Eaton destroyed, fabricated, or altered medical records or jail

paperwork would support a potential prosecution against him for the crimes of

Tampering with Public Records and Tampering with Evidence under N.M. Stat. §§ 30-

26-1 and 30-22-5.[6]  In an amended response, Defendant Eaton shall either fully respond

---

[5] The Court notes that, if the information sought by this interrogatory were not subject to the privilege
against self-incrimination, the Court would limit it to the time period beginning one year prior to Mr.
Wasson's incarceration at SCDF and ending on the date of his release from SCDF.

[6] Under N.M. Stat. § 30-1-8, a five-year statute of limitations could apply to these crimes.  As noted in the
previous footnote, the relevant information sought by this interrogatory would reach back to October
2011.  The statute of limitation would permit prosecution for such conduct as far back as August 2012.
While conduct between October 2011 and August 2012 would not itself be actionable, compelling

to Interrogatory 19 or clearly invoke his privilege against self-incrimination under the

Fifth Amendment.

(viii)     <u>Requests for Admission 1, 2, 3, 4, & 5</u>

Plaintiff's Request for Admission 1 provides:

> Admit you have given inmates medications that were not
> prescribed to them.

*Doc. 62-6* at 1.  Defendant Eaton provided the following objections to Request for

Admission 1: (1) Fifth Amendment privilege against self-incrimination; (2) relevance; (3)

argumentative and improperly assumes facts; (4) purpose is to annoy, embarrass, and

harass; (5) information not within personal knowledge; and (6) vague with respect to

the term "medications."  *Id.*

Plaintiff's Request for Admission 2 provides:

> Admit you have brought illegal drugs **into SCDF**.

*Doc. 62-6* at 1.  Defendant Eaton provided the following objections to Request for

Admission 2: (1) Fifth Amendment privilege against self-incrimination; (2) relevance; (3)

argumentative and improperly assumes facts; and (4) purpose is to annoy, embarrass,

and harass.  *Id.*

---

Defendant Eaton to confess to criminal conduct during that period could furnish a link to evidence of
later criminal conduct which could be prosecuted.  Consequently, the Court will uphold Defendant
Eaton's claim of privilege even for such conduct between October 2011 and August 2012.

Plaintiff's Request for Admission 3 provides:

> Admit that you have used illegal drugs **while in the SCDF**.

*Doc. 62-6* at 2.  Defendant Eaton provided the following objections to Request for Admission 3: (1) relevance; (2) argumentative and improperly assumes facts; (3) purpose is to annoy, embarrass, and harass; (4) vague and ambiguous; and (5) not limited in time or scope.  *Id.*

Plaintiff's Request for Admission 4 provides:

> Admit you have performed sexual acts while in SCDF.

*Doc. 62-6* at 2.  Defendant Eaton provided the following objections to Request for Admission 4: (1) Fifth Amendment privilege against self-incrimination; (2) relevance; (3) argumentative and improperly assumes facts; and (4) purpose is to annoy, embarrass, and harass.  *Id.* at 2, 3.  Notwithstanding those objections, Defendant Eaton provided the following response:

> In September 2016, I pleaded guilty to Criminal Sexual Penetration in the Second Degree (Position of Authority Over Inmate) without admitting to the criminal act, pursuant to *North Carolina v. Alford*.  The victims were Bree Oldfield and Tammy Montgomery.  For specific case information, *see* my answer to Interrogatory No. 2.  Expressly subject to *North Carolina v. Alford* and the specific charges to which I pleaded guilty, admit.
>
> However, with regard to any other inmate, I invoke the Fifth Amendment to the United States Constitution and decline to respond on that basis, in addition to any other objections made by my counsel.

*Id.* at 2-3.

Plaintiff's Request for Admission 5 provides:

> Admit you have performed sexual acts with inmates while
> in SCDF.

*Doc. 62-6* at 3. Defendant Eaton provided the following objections to Request for

Admission 5: (1) Fifth Amendment privilege against self-incrimination; (2) relevance; (3)

argumentative and improperly assumes facts; and (4) purpose is to annoy, embarrass,

and harass. *Id.* Notwithstanding those objections, Defendant Eaton provided a

response that is identical to his response to Plaintiff's Request for Admission 4, as

quoted above. *See id.*

The Court overrules all of Defendant Eaton's objections with the exception of the

invocation of his Fifth Amendment privilege against self-incrimination. The Court

finds that the information is relevant and that the burden of producing such

information is proportional to its importance. As discussed above, evidence that

Defendant Eaton engaged in sexual conduct with inmates would support a potential

prosecution against him for the crime of Criminal Sexual Penetration under N.M. Stat. §

30-9-11(E)(2). Evidence that Defendant Eaton gave inmates medications that were not

prescribed to them would support a potential prosecution against him for the crimes of

Trafficking Controlled Substances and Distributing Controlled or Counterfeit

Substances under N.M. Stat. §§ 30-31-20 and 30-31-22.[7]  Defendant Eaton shall either

admit or deny Requests for Admission 1, 2, 3, 4, and 5 or provide amended responses

which clearly invoke his privilege under the Fifth Amendment.

However, as discussed above, the Court finds that Defendant Eaton cannot assert

his privilege under the Fifth Amendment as to crimes of which he has already been

charged and convicted.  Therefore, Defendant Eaton shall respond to Requests for

Admission 4 and 5 as to Bree Oldfield and Tammy Montgomery.

### (ix)   Request for Admission 6

Plaintiff's Request for Admission 6 provides:

> Admit you have brought an unauthorized deadly weapon
> (e.g. a knife or gun) into SCDF.

*Doc. 62-6* at 4.  Defendant Eaton provided the following objections to Request for

Admission 6: (1) relevance; (2) argumentative and improperly assumes facts; and (3)

purpose is to annoy, embarrass, and harass.  *Id.*  The Court finds that the information

requested is irrelevant to the claims and defenses in this case and will therefore DENY

the Motion to Compel as to Request for Admission 6.

### (x)   Request for Admission 7

Plaintiff's Request for Admission 7 provides:

---

[7] Under N.M. Stat. § 30-1-8, either a five-year or six-year statute of limitations could apply to these crimes, depending on the degree of felony charged.  As Mr. Wasson began his detention at SCDF in October 2012, the statute of limitations has not yet run as to any acts constituting Trafficking Controlled Substances or Distributing Controlled or Counterfeit Substances which occurred during Mr. Wasson's incarceration.

Admit you have used illegal drugs in the last five years.

*Doc. 62-6* at 4.  Defendant Eaton provided the following objections to Request for Admission 7: (1) relevance; (2) argumentative and improperly assumes facts; (3) purpose is to annoy, embarrass, and harass; and (4) not properly limited in time or scope.  *Id.*  The Court overrules Defendant Eaton's discovery objections, as the information is relevant and the request is proportional to the needs of the case.[8]

### (xi)  Requests for Admission 8 & 9

Plaintiff's Request for Admission 8 provides:

> Admit you have witnessed inmates in SCDF without proper
> medical care.

*Doc. 62-7* at 1.  Defendant Eaton provided the following objections to Request for Admission 8: (1) seeks lay opinions not within common knowledge; (2) seeks legal conclusions and opinions; (3) unlikely to lead to admissible evidence; and (4) vague.  *Id.*  Without waiving the foregoing objections, Defendant Eaton stated that he denied the fact at issue.  *Id.*

Plaintiff's Request for Admission 9 provides:

> Admit to your knowledge there was no legitimate reason for
> Mr. Wasson to be housed in segregation.

*Doc. 62-7* at 1.  Defendant Eaton provided the following objections to Request for Admission 9: (1) improper suggestion that Defendant Eaton had oversight over inmate

---

[8] Defendant Eaton failed to invoke his Fifth Amendment privilege as to Request for Admission 7. Therefore, the Court will not address whether the privilege is applicable here.

classification responsibilities during Plaintiff's detention, and (2) seeks information not within personal knowledge. *Id.* Without waiving the foregoing objections, Defendant Eaton stated that he denied the fact at issue. *Id.*

The Court overrules Defendant Eaton's discovery objections as to Requests for Admission 8 and 9, as the information is relevant and the request is proportional to the needs of the case. However, the Court will not compel Defendant Eaton to provide any further responses, as he has already denied Requests for Admission 8 and 9. Nonetheless, Defendant Eaton shall reaffirm that his previous answers remain his answers now that his objections have been overruled.

## IV. COSTS AND FEES

Having ruled on each disputed discovery response, the next question is whether costs and fees should be awarded. Upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust." *Id.* Moreover, if, as here,

the "motion is granted in part and denied in part, the court . . .may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).[9]

In this motion, the Court has rejected the vast majority of Defendant Eaton's objections which were not based upon privilege. However, some of those objections were still substantially justified. While some were not, there were several disputes on which further meet-and-confers by Plaintiff's counsel should have been attempted. Finally, the Court broadly agreed with Defendant Eaton on his privilege-based objections. Under these circumstances, the Court will not impose costs or fees to either side.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Compel (*doc. 62*). Defendant Eaton shall submit supplemental responses as detailed above.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[9] Of course, in any event, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).